```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
ERISA MOORE,                                                      :
                                                                  :
                              Plaintiff,                          :    21-CV-9654 (JMF)
                                                                  :
              -v-                                                 :    MEMORANDUM OPINION
                                                                  :         AND ORDER
CAPITAL ONE BANK (USA), N.A. et al.,                              :
                                                                  :
                              Defendants.                         :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Erisa Moore, proceeding without counsel, brings claims against Capital One Bank and two of its executives, Richard Fairbank and Andrew Young. Moore's Amended Complaint is difficult to parse but, liberally construed, it brings claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Fair Credit Reporting Act ("FCRA"), *id.* § 1681 *et seq.*, as well as a claim of defamation. *See* ECF No. 14. Defendants now move, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss. *See* ECF No. 15. Upon review of the parties' submissions, *see* ECF Nos. 17 ("Defs.' Mem."), 20 ("Pl.'s Opp'n"), 21 ("Defs.' Reply"), the Court grants Defendants' motion, substantially for the reasons stated in Defendants' memoranda of law.

First, Moore's claims under the FDCPA fall short because she fails to plausibly allege that any Defendant is a "debt collector" within the meaning of the statute. *See, e.g.*, *Ampadu v. Capital One*, No. 3:21-CV-828 (JAM), 2022 WL 2222857, at *2-3 (D. Conn. June 21, 2022) (citing cases); *Goodman v. Discover Fin. Servs., LLC*, No. 21-CV-7500 (LGS), 2022 WL 1910136, at *2 (S.D.N.Y. June 3, 2022) (same). Second, Moore's claim under the FCRA

appears to be one for inaccurate reporting, in violation of 15 U.S.C. § 1681s-2(a).  But "it is well-settled that there is no private cause of action for alleged violations of Section 1681s-2(a)." *Perez v. Experian*, No. 20-CV-9119 (PAE) (JLC), 2021 WL 4784280, at *5-6 (S.D.N.Y. Oct. 14, 2021) (citing cases), *report and recommendation adopted by* ECF No. 84 (Nov. 2, 2021).  Third, Moore's common-law defamation claim is preempted by the FCRA.  *See, e.g.*, *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 47-48 (2d Cir. 2011).[1]  And even if it were not, it would be subject to dismissal because she fails to allege the basic elements of a defamation claim: what the alleged defamatory statements are, why they are defamatory, or that they were false.  *See, e.g.*, *Atkins v. Walmart, Inc.*, No. 6:20-CV-1217 (ATB), 2022 WL 1320300, at *27 & n.38 (N.D.N.Y. May 2, 2022).  Finally, and in any event, there is no evidence that Moore served Fairbank and Young with the summons and Amended Complaint.

For the foregoing reasons, Defendants' motion to dismiss is GRANTED and Moore's claims are DISMISSED in their entirety.  Further, the Court declines to *sua sponte* grant Moore leave to amend again.  Although leave to amend a complaint should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), "it is within the sound discretion of the district court to grant or deny leave to amend," *Gayle v. Home Box Off., Inc.*, No. 17-CV-5867 (JMF), 2018 WL 2059657, at *4 (S.D.N.Y. May 1, 2018).  Here, leave to amend is not warranted because the problems with Moore's claims are "substantive," so "better pleading will not cure" them.  *Id*.  In addition, Moore was previously granted leave to amend to cure the deficiencies

---

[1] In her opposition to Defendants' motion, Moore appears to argue that she pleads claims for invasion of privacy and violation of the Fourth Amendment.  *See* Pl.'s Opp'n 12.  To the extent she does, such claims would be preempted by the FCRA as well.  On top of that, "the law is clear that a plaintiff may not amend her complaint through a brief in opposition to a motion to dismiss." *Wilson v. JPMorgan Chase Bank, N.A.*, No. 20-CV-4558 (JMF), 2021 WL 5179914, at *2 n.2 (S.D.N.Y. Nov. 8, 2021).  And in any event, such claims would fail on their own right; for instance, the Fourth Amendment does not apply to private actors such as Defendants.

raised in Capital One's first motion to dismiss — which were nearly the same as those raised in Defendants' present motion, *see* ECF No. 11 — and was explicitly cautioned that she "w[ould] not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss," ECF No. 13; *see Douek v. Citibank*, No. 20-CV-8074 (JMF), 2021 WL 3604761, at *2 (S.D.N.Y. Aug. 12, 2021).  And finally, Moore "has not requested permission to file a[n] Amended Complaint, nor has [s]he given any indication that [s]he is in possession of facts that would cure the problems identified in the instant motion to dismiss."  *Gayle*, 2018 WL 2059657, at *4 (cleaned up).

The Clerk of Court is directed to terminate ECF No. 15, to enter judgment in favor of Defendants, to mail a copy of this Memorandum Opinion and Order to Plaintiff, and to close this case.

This Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 12, 2022
  New York, New York

_____
JESSE M. FURMAN
United States District Judge