UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ERISA MOORE,

                Plaintiff,

-against-                                            21 **CIVIL** 9654 (JMF)

## **JUDGMENT**

CAPITAL ONE BANK (USA), N.A. et al.,

                Defendants.
-----------------------------------------------------------X

      It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum Opinion and Order dated July 12, 2022, Defendants' motion to dismiss is GRANTED and Moore's claims are DISMISSED in their entirety. Further, the Court declines to sua sponte grant Moore leave to amend again. Although leave to amend a complaint should be freely given when justice so requires, Fed. R. Civ. P. 15(a)(2), "it is within the sound discretion of the district court to grant or deny leave to amend," Gayle v. Home Box Off., Inc., No. 17-CV-5867 (JMF), 2018 WL 2059657, at *4 (S.D.N.Y. May 1, 2018). Here, leave to amend is not warranted because the problems with Moore's claims are "substantive," so "better pleading will not cure" them. Id. In addition, Moore was previously granted leave to amend to cure the deficiencies raised in Capital One's first motion to dismiss - which were nearly the same as those raised in Defendants' present motion, see ECF No. 11 - and was explicitly cautioned that she "w[ould] not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss," ECF No. 13; see Douek v. Citibank, No. 20-CV-8074 (JMF), 2021 WL 3604761, at *2 (S.D.N.Y. Aug. 12, 2021). And finally, Moore "has not requested permission to file a[n] Amended Complaint, nor has [s]he given any indication that [s]he is in possession of facts that would cure the problems identified in

the instant motion to dismiss." Gayle, 2018 WL 2059657, at *4 (cleaned up). This Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from the Memorandum Opinion and Order would not be taken in good faith, and in forma pauperis status is thus denied. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962); accordingly, the case is closed.

**Dated:**  New York, New York

   July 12, 2022

                                    **RUBY J. KRAJICK**
                                    _____
                                    **Clerk of Court**
                             **BY:**  *K. Mango*
                                    _____
                                    **Deputy Clerk**